IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CARLOS P. RODRIGUEZ, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO.: CV206-265 |
| JOSE M. VAZQUEZ, Warden; Mrs. WALKER, Nurse; Mr. COOPERSMITH, P.A., and Dr. BURGOS, Individually and in their official capacities, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at the Federal Corrections Institution in Jesup, Georgia ("FCI Jesup"), filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agent of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendants Vazquez, Walker, Coopersmith, and Burgos were deliberately indifferent to his serious medical needs. Plaintiff filed his cause of action against Defendants in their individual and official capacities. A lawsuit against prison officials in their official capacities is no different from a suit against the government itself; such defendants are immune. See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). To the extent Plaintiff wishes to

pursue his claims against Defendants Vazquez, Walker, Coopersmith, and Burgos in their official capacities, these claims should be dismissed.

Plaintiff also asserts that the actions of Defendants Walker and Coopersmith constituted an assault and battery. A plaintiff states a cognizable claim for relief under Bivens if his complaint alleges facts showing that his rights, as secured by the Constitution and the laws of the United States, were violated, and that violation was committed by a person acting under color of law. See West v. Atkins, 487 U.S. 42, 50, 108 S. Ct. 2250, 2255, 101 L. Ed.2d 40 (1988). Plaintiff has failed to meet this requirement as to his claim for assault and battery against Defendants Walker and Coopersmith. An assault and battery claim is a state law tort claim and does not set forth a constitutional violation.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Vazquez, Walker, Coopersmtih, and Burgos in their official capacities be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's state tort law claims against Defendants Walker and Coopersmith be **DISMISSED**.

Plaintiff's remaining claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 5th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)