FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

2007 MAR -2  A II: 28

CLERK  *J. LaVictoire*
SO. DIST. OF GA.

CARLOS P. RODRIGUEZ,

      Plaintiff,

    vs.

JOSE M. VAZQUEZ, Warden;
Mrs. WALKER, Nurse;
Mr. COOPERSMITH, P.A., and
Dr. BURGOS, Individually and in
their official capacities,

      Defendants.

CIVIL ACTION NO.: CV206-265

## O R D E R

    Plaintiff, an inmate incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed his complaint *pro se* on October 25, 2006.  The Plaintiff was granted leave to proceed with his claim *in forma pauperis*.  Defendants have moved for a dismissal of Plaintiff's claim.

    The Court is reluctant to rule on said motion without receiving a response from the Plaintiff or insuring that Plaintiff is advised of the potential ramifications caused by his failure to respond.  Once such a motion is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion.  This Court must consider that the Plaintiff in this case is a *pro se* litigant.  Haines v. Kerner, 404 U. S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  When a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true.  Miree v. Dekalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492, 53 L. Ed. 2d 557 (1977); Blum v. Morgan Guar. Trust Co., 709 F.2d 1463, 1466 (11th Cir. 1983).  The Supreme Court in Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957) stated that:

AO 72A
(Rev. 8/82)

> [i]n appraising the sufficiency of the complaint we follow, of
> course, the accepted rule that a complaint should not be
> dismissed for failure to state a claim unless it appears beyond
> doubt that the plaintiff can prove no set of facts in support of
> his claim which would entitle him to relief.

The granting of a motion to dismiss is disfavored and rare. Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. Unit B June 1981).[1] Furthermore, a claim, especially one presented in a case by a *pro se* litigant, should not be dismissed unless it appears that the plaintiff can prove no facts which would entitle him to relief. Dykes v. Hosemann, 743 F.2d 1488, 1499 (11th Cir. 1984) Furthermore a local rule, such as Local Rule 7.5 of this court,[2] should not in any way serve "as a basis for dismissing a *pro se* civil rights complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal." Mitchell v. Inman, 682 F.2d 886, 887 (11th Cir. 1982).

Accordingly, Plaintiff is hereby **ORDERED** to file any objections to the Defendants' motion for a dismissal, or to otherwise inform the court of his decision not to object to Defendants' motion within twenty (20) days of the date of this Order. See Griffith v. Wainright, 772 F.2d 822, 825 (11th Cir. 1985)(espousing importance of strict adherence to notice requirements in *pro se* motions for summary judgment). Should Plaintiff not timely respond to Defendants' motion, the Court will determine that there is no opposition to the motion. See Local Rule 7.5. In order to assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon

---

[1]    Decisions of the former Fifth Circuit, Unit B, rendered after September 31, 1981, are binding precedent in this Circuit. Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

[2]    Local Rule 7.5 states:

> Unless . . . the assigned judge prescribes otherwise, each party opposing
> a motion shall serve and file a response within fifteen (15) days of service
> of the motion, except that in cases of motions for summary judgment the
> time shall be twenty (20) days after service of the motion. Failure to
> respond shall indicate that there is no opposition to a motion. (emphasis
> added).

which relief may be granted, the Clerk of Court is hereby instructed to attach a copy of Rule 41, FED. R. CIV. P., as well as Rule 12, FED. R. CIV. P., to the copy of this Order that is served on the Plaintiff.

SO ORDERED, this 2nd day of March, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)