IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOS P. RODRIGUEZ,

    Plaintiff,

vs.

JOSE M. VAZQUEZ, Warden;
Mrs. WALKER, Nurse;
Mr. COOPERSMITH, P.A., and
Dr. BURGOS, Individually and in
their official capacities,

    Defendants.

CIVIL ACTION NO.: CV206-265

## ORDER

Magistrate Judge James E. Graham issued a Report on December 5, 2006, wherein he recommended Plaintiff's state law tort claims against Defendants Walker and Coopersmith and Plaintiff's claims against all Defendants in their official capacities be dismissed. Having received no objections to this Report, the undersigned adopted the Report as the opinion of the Court on January 11, 2007. Plaintiff filed a Motion for Reconsideration in which he stated he did not receive a copy of the Magistrate Judge's Report. By Order dated January 31, 2007, the January 11, 2007 Order was vacated and Plaintiff was permitted to file any desired Objections to the Magistrate Judge's Report and Recommendation. Plaintiff has filed Objections to the Magistrate Judge's Report and Recommendation.

AO 72A
(Rev. 8/82)

In his Objections, Plaintiff states he agrees with the Magistrate Judge's recommendation that his claims against Defendants in their official capacities be dismissed. Plaintiff contends, however, that his state law tort claims against Defendants Walker and Coopersmith should not be dismissed. Plaintiff asserts that Defendants Walker's and Coopersmith's actions resulted in an assault and battery against him, which violated his rights to due process and to be free from cruel and unusual punishment.

Magistrate Judge Graham permitted service of Plaintiff's Complaint upon Defendants based on Plaintiff's assertions that Defendants were deliberately indifferent to his serious medical needs. Plaintiff's assertions in this regard arguably stated a claim that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. It is unnecessary to address Plaintiff's assertions in this regard for a second time.

Plaintiff's contention, however, that Defendants Walker and Coopersmith violated his right to due process by placing him in segregation rather than taking him to the medical unit bears closer inspection. "The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F.3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. AMEND. XIV). The Supreme Court has identified two situations in which a prisoner can be deprived of liberty such that the protection of due process is required: (1) there is a change in the prisoner's conditions of confinement so severe that it essentially exceeds the sentence imposed by the court; and (2) the State has consistently given a benefit to prisoners, usually through a statute or administrative policy, and the deprivation of that benefit

"imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 1290-91 (quoting Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 148 (1995)). Plaintiff has failed to make even the most basic showing to support his contention that Defendants Walker and Coopersmith violated his right to due process.

The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's claims against Defendants Vazquez, Walker, Coopersmith, and Burgos in their official capacities are **DISMISSED**. Plaintiff's state law tort claims against Defendants Walker and Coopersmith are **DISMISSED**. Plaintiff's claim that Defendants Walker and Cooper violated his right to due process is **DISMISSED**.

**SO ORDERED**, this 8th day of March, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA