FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2007 JUL -5 A II: 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOS P. RODRIGUEZ,

Plaintiff,

vs.

CIVIL ACTION NO.: CV206-265

JOSE M. VAZQUEZ, Warden;
Mrs. WALKER, Nurse;
Mr. COOPERSMITH, P.A., and
Dr. BURGOS, Individually and in
their official capacities,

Defendants.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In their Objections, Defendants contend that their Motion for Summary Judgment should be granted because Plaintiff has failed to exhaust his administrative remedies. (Doc. No. 46). Defendants assert that because the BOP's Administrative Remedy Index shows that no BP-9 grievance from Plaintiff was logged, the administrative remedies cannot be considered exhausted. Defendants further allege that independent of his failure to submit a BP-9, Plaintiff submitted BP-10 and BP-11 appeals which were rejected on procedural grounds and thus never considered on their merits.

As the party moving for summary judgment, Defendants have the burden of establishing that Plaintiff cannot prove an essential element of his case. Defendants have simply failed to meet this burden. The facts relating to Plaintiff's execution of the grievance procedure are in dispute, but the Court must nonetheless resolve the exhaustion issue in Plaintiff's favor. Disputed issues of fact in a motion based on the failure to exhaust under the PLRA should be decided by the Court. Indeed, Judges can make credibility determinations regarding a prisoner's claim that prison officials denied him a reasonable opportunity to properly comply with grievance requirements. Priester v. Rich, 457 F. Supp. 2d 1369, 1377 (S.D. Ga. 2006). The Court has done as much in this case, and concludes that Plaintiff pursued and exhausted the administrative remedies which were actually available to him. The Court is simply unconvinced that Plaintiff was afforded an opportunity to fully exhaust his complaint, specifically at the first step of the grievance procedure. On the specific facts and circumstances of this case, and making the necessary credibility determinations, the fact that Plaintiff's BP-9 was not logged into the system is as much or more of an indication that the BOP failed to comply with its own procedure as it is evidence that Plaintiff failed to submit the grievance. Furthermore, the fact that Plaintiff's subsequent appeals – his BP-10 and BP-11 – were rejected for other procedural defects does not alter the Court's determination. As the Magistrate Judge noted, the BOP failed to provide Plaintiff any instruction for the resubmission of these appeals as is contemplated by the Bureau's own regulations.

Defendants' Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. Defendants' Motion for Summary Judgment (Doc. No. 26) is hereby **DENIED**.

**SO ORDERED**, this 5th day of July, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA