

FILED
U.S. DISTRICT COURT

2008 JUN 17 PM 3:55

R. Ock
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CARLOS P. RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE M. VAZQUEZ, Warden<br>and Mrs. WALKER, Nurse,<br><br>Defendants. | CIVIL ACTION NO.: CV206-265 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed an action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), contesting certain conditions of his confinement. Defendant Vazquez filed a Motion to Dismiss or in the Alternative for Summary Judgment (Doc. No. 61), which the Court construes as a Motion for Summary Judgment[1], and Plaintiff filed a Response. (Doc. No. 65).[2] For the reasons which follow, Defendant Vazquez's Motion for Summary Judgment should be **GRANTED**.

---

[1] If "matters outside the pleading are presented to and not excluded by the court", the "motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b).

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff alleges that while incarcerated at FCI Jesup, he felt physical symptoms that led him to believe a stroke was imminent and that when two of his fellow inmates took him to medical and explained his situation, Defendants Walker and Coopersmith refused to allow him to see a doctor. Instead, Plaintiff contends, Defendant Walker placed him in segregation. Plaintiff asserts that Defendant Vazquez refused to provide him with medical treatment despite his requests and that he subsequently suffered a stroke.

In his Motion, Defendant contends that he is entitled to summary judgment because as supervisory personnel at FSI Jesup, he was not responsible for the medical care inmates receive. Defendant asserts that Plaintiff was provided with adequate medical care. Finally, Defendant asserts he is entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Midrash Sephardi, Inc. v. Town of</u>

---

[2] Plaintiff filed an Affidavit in support of his Response (Doc. No. 66) and a Motion to Strike Defendants' Affidavit (Doc. No. 67). Defendants subsequently filed a Reply to Plaintiff's Response (Doc. No. 69) and a Response to Plaintiff's Motion to Strike Defendants' Affidavit (Doc. No. 70); Plaintiff filed another Response. (Doc. No. 72).

Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

AO 72A
(Rev. 8/82)

3

## DISCUSSION AND CITATION OF AUTHORITY

Defendant Vazquez avers he had general supervisory authority over FCI Jesup in his former position as Warden. Defendant Vazquez contends that he did not make specific decisions about what medical care inmates receive and that Plaintiff has not alleged sufficient facts to establish his personal involvement in any alleged constitutional violation. Defendant Vazquez further contends that he relied on the treating medical staff members to provide inmates with appropriate medical care and that he had no personal involvement in Plaintiff's medical care.

Plaintiff asserts that Defendant Vazquez was deliberately indifferent to his serious medical needs. Plaintiff alleges Defendant Vazquez was on notice that the medical department was acting deliberately indifferent to his serious medical condition because Plaintiff sent an "Inmates Request" to Defendant Vazquez's office requesting medical attention on December 2, 2004, to which Defendant failed to respond in a timely manner. (Doc. No. 56, p. 2). Plaintiff further alleges Defendant Vazquez was on notice of the deficiencies of the medical department because of past instances of the department acting indifferently to the serious medical conditions of inmates. (Doc. No. 65, p. 5)

"It is well established in this circuit that supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). However, supervisors "'can be liable . . . when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of plaintiff, and his conduct was causally related to the constitutional violation committed by [the]

(Rev. 8/82)

4

subordinate.'" Id. (quoting Greason v. Kemp, 897 F.2d 829, 836 (11th Cir. 1990)). "A causal connection may be established when: 1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." Matthews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal citation omitted).[3] "The reiteration of isolated, unsupported allegations does not constitute a widespread history of the alleged constitutional deprivations recognized by § 1983 as a casual connection constituting notice." Brown v. Crawford, 906 F. 2d 667, 672 (11th Cir. 1990). A non-medical prison official will generally be justified in believing a prisoner is in capable hands when the prisoner is under the care of medical experts. Spruill v. Gillis, 372 F. 3d 218, 236 (3rd Cir. 2004).

Defendant Vazquez, the former Warden at FCI Jesup, submitted a Declaration in support of his Motion. In the Declaration, Defendant Vazquez states that he has no medical training and that he would have referred Plaintiff to the medical staff for the appropriate care had Plaintiff presented a health care issue to him,. (Def. Ex. A, ¶ 3). Defendant Vazquez states he does not recall receiving the letter Plaintiff sent to him on December 2, 2004, because many such letters were sent to him in his capacity as Warden. (Id. at ¶ 4). Defendant Vazquez also states that had he personally reviewed the letter, he would have referred Plaintiff to the medical staff. (Id.) Defendant Vazquez avers that it appeared from Plaintiff's letter he sought an appointment with a specialist.

---

[3] Although Matthews was a § 1983 case, courts generally apply § 1983 cases to Bivens cases. Abella v. Rubino, 63 F. 3d 1063, 1065 (11th Cir. 1995).

Defendant Vazquez notes that on December 2, 2004, Plaintiff was seen by Physician's Assistant Frank Adair, and after consultation with Dr. Burgos, it was determined that a consultation with a neurologist was pending a determination by the Utilization Review Committee ("URC"). (Id. at ¶ 5). Defendant Vazquez notes that by regulation (Program Statement 6031.01, Pp. 6-7) the URC must review requests for outside medical consultations unless the care is considered to be "Medically Necessary- Acute or Emergent" and this determination is made by the appropriate medical staff (Program Statement 6270.01, p. 4). Defendant once again reiterates that it was not his role as Warden to make such medical determinations. (Id. at ¶ 6).

In this case, Plaintiff admits that because Defendant Vazquez delegated medical treatment to other staff members, he was not personally involved in the alleged deliberate indifference to Plaintiff's serious medical condition. (Doc. No. 65, p. 5). As a result, it is necessary for Plaintiff to establish a causal connection between the actions of Defendant Vazquez and the alleged constitutional deprivation. Matthews, 480 F.3d at 1270.

Plaintiff attempts to establish a causal connection between Defendant Vazquez and his deliberate indifference claim by alleging Defendant Vazquez was put on notice of the medical staff's deliberate indifference to his serious medical condition because of an "Inmates Request" he sent to the office of Defendant Vazquez requesting medical attention on December 2, 2004. (Doc. No. 56, p. 2). Plaintiff further alleges Defendant Vazquez was put on notice by "multiple suits citing medical indifferences that have been filed against Jesup", but does not offer any evidence to substantiate these claims. (Doc. 72, p. 4). Plaintiff claims, without evidence, that the medical staff's failure to replace a

pacemaker battery caused the death of one inmate and that there were other "incidents". (Doc. No. 65, p. 5).

The evidence before the Court reveals that Defendant Vazquez held a supervisory position at FCI Jesup during the relevant time frame. However, this evidence also reveals that Defendant Vazquez did not provide inmates with hands-on medical treatment or care, had no medical training, and relied upon medical staff to make determinations and provide treatment to inmates based on their medical needs. Plaintiff does not rebut this evidence, but asserts his December 2, 2004, letter to Defendant Vazquez placed him on notice. However, even assuming arguendo the December 2nd letter placed Defendant Vazquez on notice, the evidence indicates Plaintiff was seen by Physician's Assistant Adair on December 2, 2004, and in his professional opinion there was no medical emergency. Plaintiff has not established that it was unreasonable for Defendant Vazquez to rely on the professional opinions of his medical staff or that Defendant Vazquez was constitutionally required to override their medical opinions. Plaintiff fails to establish the existence of fact material to his contention that Defendant Vazquez is responsible for any alleged deliberate indifference to his serious medical needs. The Plaintiff also fails to establish any evidence of a widespread history of constitutional deprivations at FCI Jesup. The evidence before the Court indicates that Plaintiff attempts to hold Defendant Vazquez liable based solely on his formerly held supervisory position at FCI Jesup. Defendant Vazquez is entitled to summary judgment in his favor.

It is unnecessary to address the remaining grounds of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Vazquez's Motion for Summary Judgment be **GRANTED** and Plaintiff's Claims against Defendant Vazquez be **DISMISSED**.

SO **REPORTED** and **RECOMMENDED**, this 17th day of June, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE