IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CARLOS P. RODRIGUEZ,

    Plaintiff,

vs.

JOSE M. VAZQUEZ, Warden
and Mrs. WALKER, Nurse;

    Defendants.

CIVIL ACTION NO.: CV206-265

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Reports, in which he recommended that Defendants Vazquez's and Walker's Motions for Summary Judgment be granted and that Plaintiff's Complaint be dismissed. Plaintiff responds to the two Reports and Recommendations in a single Objection. The Court has conducted an independent review of the record.

Plaintiff contends that he was clearly suffering from a serious medical need and Defendant Walker was deliberately indifferent to that need. Plaintiff alleges that reasonable minds could differ as to whether Defendant Walker deprived Plaintiff of medical attention and caused Plaintiff to suffer a stroke. Plaintiff asserts that the Magistrate Judge was wrong in concluding that Physician's Assistant ("P.A.") Adair's professional opinion was that there was no medical emergency on December 2, 2004.

Plaintiff's contention that his stroke could have been averted had he not been placed in segregation by Defendant Walker rather than being moved to a nearby

hospital is unavailing. (Doc. No. 81, ¶ 3). Plaintiff's reasoning that his placement in segregation was the cause of his stroke is unconvincing because it does not follow that he would have been moved to a nearby hospital if he had not been placed in segregation. In fact, the evidence before the Court establishes that Plaintiff would not have been moved to a nearby hospital even if he had not been placed in segregation. According to Defendant Vazquez, the prison regulations require the Utilization Review Committee to review requests for outside medical consultations unless the care is considered to be "Medically Necessary". (Doc. No. 61, Ex. A, ¶ 6). The prison medical staff, as evidenced by P.A. Adair's visit on December 2, 2004, evaluated Plaintiff and determined that he did not need an immediate transfer to a local hospital. Plaintiff was not sent to a local hospital until he began exhibiting additional physical symptoms on December 5, 2004. Plaintiff offers no explanation as to why he believes he would have been transferred to a local hospital prior to December 5, 2004, if he had not been placed in segregation. There was no nexus between Plaintiff's stroke and his placement in segregation.

The record establishes that in P.A. Adair's professional opinion, Plaintiff was not experiencing a medical emergency on December 2, 2004. While P.A. Adair noted in a medical report that Plaintiff's mouth was twisted and that he was experiencing left side numbness and was unable to ambulate freely, P.A. Adair's assessment, in that medical report, was to rule out neural event (i.e. stroke), medicine side-effect, and malingering. (Doc. No. 61, Ex. 2). P.A. Adair's plan was to "consult with Dr. Burgos who advised findings similar to mine and that CT was negative and a neurological consult is pending..." (Id.). The evidence establishes that P.A. Adair's professional opinion was

that Plaintiff was not experiencing a medical emergency when he was seen on December 2, 2004.

Plaintiff's remaining objections are without merit and are addressed in the Magistrate Judge's Reports and Recommendations.

The Reports and Recommendations of the Magistrate Judge are adopted as the opinions of this Court. The Motions for Summary Judgment filed by Defendants Walker and Vazquez are **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 28th day of August, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA